IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BREVAN ZIMMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:24-cv-00525 |
| | ) Judge Trauger |
| RUTHERFORD COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Brevan Zimmer, a state inmate proceeding pro se, has filed a Complaint for violation of civil rights under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2). The plaintiff has also filed a "Motion of Relief" (Doc. No. 5), in which he seeks appointment of counsel.

The case is before the Court for ruling on the plaintiff's IFP application and motion, and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's IFP application that he lacks the funds to pay the entire filing fee, that application (Doc. No. 2) is **GRANTED** and a $350 filing fee is **ASSESSED**. The fee will be collected in installments as described below.

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the

average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

A. LEGAL STANDARD

The court must conduct an initial review and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also id.* § 1915(e)(2) (requiring dismissal "at any time" such determination is made in a case filed IFP). Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally

2

construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

The plaintiff filed this action under Section 1983, which allows a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Complaint must plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

B. ALLEGATIONS AND CLAIMS

The plaintiff sues two Defendants: Rutherford County and Dr. John Daniel Rudd of Rudd Medical Services (Doc. No. 1 at 2), the private contractor that provides medical services to Rutherford County Jail inmates.[1] The plaintiff alleges that, while he was in the shower on February 18, 2024, he suffered a cut to his right pinky finger deep enough for the sharp metal shower piece to have "nicked the bone." (*Id.* at 5.) He was taken to medical where the wound was cleaned, closed with medical glue, and bandaged. (*Id.*) However, the plaintiff did not receive stitches or a tetanus shot that day. (*Id.*) On February 20, he returned to medical for wound care and was told by a nurse that he should have received stitches and a tetanus shot on the day of the injury. (*Id.*) He

---

[1] *See Tucker v. Rudd*, No. 3:16-CV-00485, 2018 WL 1566825, at *1 (M.D. Tenn. Mar. 30, 2018) ("John Rudd was the owner and Medical Director of Defendant Rudd Medical Management Services, PLC (RMMS), a private company that contracts with the Rutherford County Sheriff's Office to provide healthcare services to inmates.").

3

was given a tetanus shot on February 21, but medical personnel declined his request to take pictures of the wound. (*Id.*) On February 22, the plaintiff succeeded in having medical take pictures of the wound, and he was started on a round of antibiotics. (*Id.*) On February 27, his request for further pictures was denied. (*Id.*) As of April 23, 2024, the plaintiff still had residual pain in his finger and a reduced range of motion. (*Id.* at 5–6.)

The plaintiff claims that his Eighth Amendment rights were violated when he was deprived of proper medical care for his finger wound. (Doc. No. 1 at 5.) He claims that "Rudd Medical Services staff . . . were medically negligent in care for [his] injury." (*Id.*) As relief, the plaintiff requests an award of damages. (*Id.* at 6.)

C. ANALYSIS

A claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment has both an objective and subjective component. The objective component requires that the plaintiff's finger injury present a sufficiently serious medical need, *see Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018), i.e., "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citation and quotation marks omitted). If it does, the subjective component requires that the defendants understood yet consciously disregarded his need for medical treatment. *See Rhinehart*, 894 F.3d at 738. Deliberate indifference has thus been described as "something approaching a total unconcern for [the inmate's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Slone v. Lincoln Cnty., Ky.*, 242 F. Supp. 3d 579, 591 (E.D. Ky. 2017) (quoting *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992)).

Even affording the Complaint a liberal construction and viewing its allegations in the light most favorable to the plaintiff, it does not support a plausible claim that the plaintiff's constitutional right to adequate medical care was violated at the Rutherford County Jail. Assuming that a deep cut with significant bleeding (*see* Doc. No. 5 at 1) presents a sufficiently serious need for medical treatment, Rutherford County Jail staff did not disregard that need. According to the plaintiff, he was taken to the medical unit within minutes of sustaining the injury, where nurses cleaned, closed, and bandaged the wound. (*Id.*; Doc. No. 1 at 5.) Over the next few days, the plaintiff returned to the medical unit for regular wound care, antibiotics, and a tetanus shot. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law," unless "the medical attention rendered [is] so woefully inadequate as to amount to no treatment at all." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Despite his dissatisfaction with the nurses' failure to close the wound with stitches and administer the tetanus shot immediately, the plaintiff clearly did not receive medical care "so woefully inadequate" as to be entirely negligible or suggestive of a total lack of concern for his condition. His preference for a different course of treatment is inapposite to the analysis of whether his constitutional rights were violated. *See Rhinehart v. Scutt*, 894 F.3d 721, 740 (6th Cir. 2018) ("An inmate's disagreement with the testing and treatment he has received . . . does not rise to the level of an Eighth Amendment violation. Nor does a desire for additional or different treatment . . . suffice to support an Eighth Amendment claim.") (citations and internal quotation marks omitted). At best, the plaintiff's allegations support (and the Complaint explicitly asserts) a claim of medical negligence that is not cognizable under Section 1983. *See Dominguez v. Corr. Med.*

5

*Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("[T]hat a [medical professional] has been negligent in diagnosing or treating a medical condition does not state a valid claim" under § 1983.).

Finally, even if the Complaint stated a plausible claim, it could not proceed against the only two defendants identified therein, Rutherford County and Dr. John Rudd. As to Dr. Rudd, the Complaint makes it clear that he is not sued for any personal involvement with the plaintiff's care, but in his capacity as the head of Rudd Medical Services. (*See* Doc. No. 1 at 5 (claiming "[im]proper medical attention by Rudd Medical Services staff"); Doc. No. 5 at 2 ("I do not feel I received proper medical attention from Dr. John Daniel Rudd's staff[.]").) Lacking allegations of any specific conduct or action taken by Dr. Rudd personally to care for (or supervise care for) the plaintiff's injury, the Complaint fails to state a claim against Dr. Rudd. *See Green v. Correct Care Sols.*, No. 3:14-cv-01070, 2014 WL 1806997, at *4 (M.D. Tenn. May 7, 2014) (citing cases) ("It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to pro se complaints."); *see also Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.") (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (supervisory liability under § 1983 requires allegation that supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it"). However, in an abundance of caution, the court liberally construes the Complaint to name Rudd Medical Services as a defendant alongside Rutherford County.

Rutherford County and Rudd Medical Services can only be held liable if their respective policies or customs were the "moving force" behind the plaintiff's injuries. *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010) (citations omitted); *O'Brien v. Michigan Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014). The plaintiff has not alleged that his treatment was dictated or influenced by any policy or custom of Rutherford County or Rudd Medical Services. Rather, he claims improper care based on a difference of opinion between the first two nurses to examine him (both of whom are presumably employed by Rudd Medical Services) as to how to close the wound and when to administer the tetanus shot. Because the cause of his alleged injury was therefore something other than a municipal or corporate policy, he cannot plausibly claim a right to relief against Rutherford County or Rudd Medical Services.

In sum, the Complaint fails to state a claim upon which relief may be granted and will be dismissed on that basis.

## IV. CONCLUSION

For the reasons given above, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to the plaintiff's ability to pursue a state-law claim for medical negligence in state court.

In light of this disposition, the plaintiff's Motion of Relief (Doc. No. 5), in which he seeks appointment of counsel, is **DENIED** as moot.

The court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

8

Case 3:24-cv-00525     Document 6     Filed 02/21/25     Page 8 of 8 PageID #: 45